IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-HC-2191-M

| | | |
|---|---|---|
| PETER LIOUNIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| R.M. WOLFE, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for initial review of the petition pursuant to 28 U.S.C. § 2243, providing that the court need not seek a response from the respondent when it is clear on the face of the petition that the petitioner is not entitled to relief.

Although plaintiff seeks to file the instant petition pursuant to § 2241, plaintiff seeks to challenge the indictment and grand jury proceedings in the underlying federal criminal matter, United States v. Liounis, No. 1:12-CR-350-ARR-1 (E.D.N.Y.). A petitioner must challenge his conviction or sentence under 28 U.S.C. § 2255 "unless . . . the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255."). "'Section 2255 remedy is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a Section 2255 motion.'" Slusser v. Vereen, 36 F.4th 590, 594 (4th Cir. 2022) (quoting Marlowe v. Warden, FCI Hazelton,

6 F.4th 562, 568–569 (4th Cir. 2021)) (quotation marks omitted). Further, the fact that a second or successive § 2255 motion is barred except only when there is newly discovered evidence or a new rule of constitutional law does not cause § 2255 to be inadequate or ineffective. Jones v. Hendrix, 599 U.S. 465, 477–80 (2023). Accordingly, petitioners cannot assert a successive collateral attack on a federal conviction pursuant to § 2241. See id.

Here, plaintiff fails to demonstrate that § 2255 is inadequate or ineffective to test the legality of his conviction or sentence. Therefore, this court lacks jurisdiction to consider petitioner's claims. See United States v. Wheeler, 886 F.3d 415, 423–26 (4th Cir. 2018), overruled on other grounds by Jones, 599 U.S. at 477–78. Moreover, after denying petitioner's November 28, 2017, motion to vacate sentence pursuant to § 2255, the United States District Court for the Eastern District of New York entered an order enjoining petitioner from "filing any future motion, petition, or other document in this Court or any other federal court touching upon his 2014 conviction, without prior authorization of the Court." Liounis, No. 1:12-CR-350-ARR-1 (E.D.N.Y. Aug. 22, 2018). In order to make such a filing, petitioner "must submit, along with the proposed filing, a request for leave to file and an affidavit attesting that the proposed filing raises new claims over which this Court has jurisdiction." Id. Petitioner did not provide the requisite submissions in the instant case.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Based on the foregoing, the court DISMISSES WITHOUT PREJUDICE the petition and DENIES a certificate of appealability. The clerk is DIRECTED to close the case.

SO ORDERED, this the 10th day of June, 2024.

*Richard E Myers II*
RICHARD E. MYERS, II
Chief United States District Judge

3