IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-HC-2191-M

PETER LIOUNIS, )
 )
            Petitioner, )
 )
      v. )            ORDER
 )
R.M. WOLFE, )
 )
            Respondent. )

This matter is before the court on petitioner's motions for reconsideration [D.E. 14, 15][1] of

the court's June 10, 2024, order dismissing the petition. For the reasons stated below, petitioner's

motions are denied.

The decision to alter or amend a judgment is within the sound discretion of the court. See

Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002). The United States

Court of Appeals for the Fourth Circuit recognizes three reasons for granting a Rule 59(e) motion

to alter or amend a judgment: "(1) to accommodate an intervening change in controlling law; (2)

to account for new evidence not available [previously]; or (3) to correct a clear error of law or

prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations

omitted).

Alternatively, Federal Rule of Civil Procedure 60(b) "authorizes a district court to grant

relief from a final judgment for five enumerated reasons or for any other reason that justifies

relief." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (quotation omitted). Under Rule

---

[1]     Petitioner's motions for reconsideration are identical except the motion at docket entry 14 includes a copy of the court's June 10, 2024, order. Accordingly, the court cites only to the motion at docket entry 14.

60(b), however, a movant first must demonstrate that his motion is timely, that he has a meritorious claim or defense, that the opposing party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances warrant the relief. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010). If a movant satisfies these threshold conditions, the movant then must "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 266 (4th Cir. 1993).

Here, petitioner disagrees with the court's conclusion that he must pursue the claims in the instant petition pursuant to 28 U.S.C. § 2255, instead of § 2241. (Mot. Recons. [D.E. 14] at 2-9). He argues he is not challenging the validity of his conviction or sentence. (Id.). However, petitioner's argument is based on his contention that there was no grand jury indictment or waiver of indictment in the underlying criminal matter. (Id. at 4–6). Petitioner further states the "conviction must be reversed and all charges dismissed with prejudice." (Id. at 7). Such arguments directly challenge petitioner's underlying criminal conviction and must be brought pursuant to § 2255. See 28 U.S.C. § 2255(e); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255."). Petitioner also makes the conclusory assertion that "§ 2255 is inadequate or ineffective to test the legality of petitioner's deten[tion]." (Id. at 3). Petitioner provides no explanation demonstrating inadequacy or ineffectiveness. See Slusser v. Vereen, 36 F.4th 590, 594 (4th Cir. 2022).

Petitioner's motion does not cite to any change in controlling law, raise newly discovered evidence, identify any clear error in the court's prior order, or show that the result was manifestly unjust, petitioner is not entitled to relief under Rule 59(e). Further, because petitioner fails to raise

2

a "meritorious claim or defense," or otherwise demonstrate that "exceptional circumstances warrant the relief," he also fails to meet the threshold requirements for relief under Federal Rule of Civil Procedure 60(b). See Robinson, 599 F.3d at 412 n.12. Accordingly, petitioner's motions for reconsideration are denied for the same reasons stated in the court's June 10, 2024, order. (See June 10, 2024, Ord. [D.E. 12]).

## CONCLUSION

Based on the foregoing reasons, the court DENIES petitioner's motions for reconsideration [D.E. 14, 15].

SO ORDERED, this 17th day of _____March_____, 2025.

Richard E Myers II

RICHARD E. MYERS, II
Chief United States District Judge

3